ORIGINAL

# In the United States Court of Federal Claims

**FILED**

No. 15-1408C
(Filed: January 15, 2016)
***NOT FOR PUBLICATION***

JAN 1 5 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| GLEN EDWARD MAHONEY, | ) | |
| | ) | |
| *Pro Se* Plaintiff, | ) | Pro Se; Sua Sponte Dismissal; Lack of |
| | ) | Subject-Matter Jurisdiction |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF DISMISSAL

Pro se plaintiff Glen Edward Mahoney has filed the instant complaint alleging "gross Violations of infants human rights, Personal Injury, International Human Rights Law, Serious Violations of International Humanitarian Law, Fraud on Birth Certificate— cancelation of adverse contract and claim in recoupment (Reparations)." Compl. at 1. Mr. Mahoney seeks to recover "the property represented in the Birth Certificate warehouse receipt. Id. Plaintiff purports to bring this case under the the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et. seq., and the First Amendment. Id. at 2.

Under Rule of the Court of Federal Claims 12(h)(3), the court must dismiss a complaint if it "determines at any time that it lacks subject-matter jurisdiction." It is well-settled that plaintiffs have the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See, e.g., Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claim. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted); Mora v. United States, 118 Fed. Cl. 713, 715 (2014) (citation omitted).

The Tucker Act, 28 U.S.C. § 1491, grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not create substantive rights and only waives sovereign immunity for claims premised on other sources of law that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)).

In this case, the plaintiff has failed to state a claim under a money-mandating statute or constitutional provisions. The Federal Circuit has found that the United States is not liable for damages under RICO's civil provisions. Wolf v. United States, 127 F. App'x 499, 501 (Fed. Cir. 2005). Nor can Mr. Mahoney bring a claim under RICO's criminal provisions because the Court of Federal Claims "'has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'" Taylor v. United States, 616 F. App'x 423, 424 (Fed. Cir. 2015) (quoting Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994)). Further, it is well established that the First Amendment is not money-mandating. Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); United States v. Connolly, 716 F.2d 882, 886-87 (Fed. Cir. 1983).

Consequently, even under the less stringent pleading standards applicable to pro se litigants, Mr. Mahoney has failed to establish jurisdiction. See Wilson v. United States, 404 F. App'x 499, 500 (Fed. Cir. 2010) (["L]enient pleading standards cannot forgive a failure to state a claim that falls within the court's jurisdiction." (citing Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)). Plaintiff's complaint is therefore DISMISSED.[1] The Clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[1] Plaintiff's motion to file in forma pauperis is **DENIED AS MOOT**.